### R. F. ASPLEY v. C. M. WHEAT ET AL.

#### Decided January 12, 1907.

**1.—Writ of Error—Diligence in Prosecuting.**

A motion to dismiss a writ of error for the want of diligence in prosecuting the same will be sustained where it appears that the judgment of the trial court was rendered January 25, 1904; citation in error was issued March 31, 1905, returned April 11, 1905, showing defective service, and alias citation was issued May 8, 1906, and served same day.

**2.—Improper Transcript—Rule 90.**

A transcript in which some of the pages are left partly blank and one nearly entirely so; in which there are erasures, and sheets pasted on other sheets rendering the writing illegible, and in which the sheets are not of uniform size, is in violation of rule 90 concerning appeals.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*Chas. I. Evans,* for plaintiff in error.

No briefs for defendants in error.

RAINEY, CHIEF JUSTICE.—This is a motion to dismiss the writ of

error in this case. On March 10, 1906, a writ of error in this case was dismissed for want of service on certain parties. The judgment was rendered January 25, 1904. The petition for writ of error was filed January 25, 1905, the last day permitted by law. Citation was issued March 31, 1905, and returned April 11, 1905, showing service on attorneys for parties living in Dallas County, for which defective service it was dismissed on March 10, 1906. Alias citation was issued May 8, 1906, and returned same day served.

These facts show that plaintiff in error did not act with sufficient diligence in prosecuting his writ. The same principle applies as that laid down in Aspley v. Alcott, this day decided by this court. See authorities there cited.

The transcript in this case is not prepared as required by rule 90. Some of the pages are left partly blank and one nearly entirely so; there are erasures on some and parts of sheets written on are pasted on others over writing not distinguishable; some of the sheets are cut and not of uniform size, which renders it obnoxious to the said rule.

The writ of error is dismissed.

*Dismissed.*

Associate Justice Bookhout disqualified and not sitting.
Writ of error refused.